

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY JAMES MOSS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0113 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DENY PETITION FOR WRIT OF HABEAS CORPUS**

On May 5, 2009, petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of prison disciplinary proceeding number 20080224259, in which petitioner was found guilty on April 28, 2008 of making a false report. As a result of the disciplinary case, petitioner suffered the loss of 90 days of good-time credit, 45 recreation days, 45 commissary days, and a reduction in class.

Petitioner contends,

1. Respondent violated petitioner's due process rights because the disciplinary hearing officer (DHO) based the guilty decision solely on the charging officer's statement and report. Not only did the DHO accept the testimony of inexperienced persons as to whether handwriting on the false report matched petitioner's, but the DHO failed to conduct a polygraph and formal handwriting analysis, as requested by petitioner.

2. Respondent violated petitioner's due process rights because petitioner never received the tape of his disciplinary hearing.

3. Petitioner's good-time credits were forfeited without due process.

On June 29, 2009, the Texas Department of Criminal Justice (TDCJ) modified the

disciplinary report underlying this habeas corpus petition so as to restore the 90 days of previously forfeited good-time credits. (Disciplinary Hearing Records, pg. 1; Respondent's Answer with Brief in Support, Exhibit B).  In his response to respondent's answer, petitioner admits 90 days of good-time credit were restored to him.  Petitioner contends, however, he nevertheless presents claims cognizable on habeas corpus review because the reduction in line class, which was not modified by TDCJ, has greatly impacted his projected release date.  Petitioner additionally contends that if his good-time credits had been truly restored, then his current projected release date would be November 18, 2014 (the projected release date on the day of the disciplinary hearing).  Instead, petitioner's projected release date after restoration of the 90 days of good-time credits was March 25, 2015.

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, (1) be eligible for release on mandatory supervision and (2) have received a punishment sanction that included forfeiture of previously accrued good-time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  There is no dispute that petitioner is eligible for release on mandatory supervision.  However, after TDCJ's June 29, 2009 modification of punishment for the disciplinary infraction by which it restored the 90 days of good-time credits, petitioner no longer meets the second requirement of forfeiture of previously accrued good-time credits.  *See id.*

The Court understands petitioner's argument that his line classification impacts his projected release date because it impacts how quickly he can earn good-time credits and therefore must affect the duration of his confinement.  However, the Fifth Circuit has explicitly held that the timing of release based on time-earning status, i.e. line classification, "is too speculative to afford [a petitioner] a constitutionally cognizable claim to the 'right' to a particular time-earning status, which

right the Texas legislature has specifically denied creating." *Id.*.  This Court is bound by the law of *Malchi*, and therefore cannot grant petitioner habeas corpus relief based on his argument regarding reduction in line class.  *See id.*; *Luken v. Scott*, 71 F.3d 192, (5th Cir. 1995) (holding that there mere opportunity to earn good-time credits does not constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause).

To the extent petitioner attempts to base his habeas corpus petition on the 45 days of commissary and recreation restriction he received in this case, such an attempt must fail.  *See id.* (holding "loss of commissary privileges and cell restriction do not implicate due process concerns").  Further, petitioner's argument regarding how the restoration of good-time credits did not fully correct his projected release date must fail, as the projected release date is based on several variable factors.  Just because petitioner received 90 days of good-time credit, does not mean his projected release date would be restored to the projection on the day of the disciplinary hearing.  Petitioner's change in line class alone would necessarily change his projected release date.  Petitioner therefore fails to base his habeas corpus petition on an action by TDCJ implicating the fact or duration of his incarceration.

## RECOMMENDATION

Because petitioner ultimately did not lose any previously earned good-time credits, he has no basis for a federal habeas corpus claim.  Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROY JAMES MOSS be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of November, 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).